IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL INDICTMENT |
| v. | NO. 1:11-CR-049-JOF-GGB |
| AUBREY THOMAS PHILLIPS, JR., | |
| Defendant. | |

**FINAL REPORT AND RECOMMENDATION**

Defendant Aubrey Thomas Phillips, Jr. ("Defendant") is charged along with his co-defendant with conspiracy, two counts of making false statements to a firearms dealer in the purchase of firearms, and one count of being a convicted felon in possession of a firearm, in violation of 18 U.S.C. §§ 371, 924(a) and 922(g). Pending before this court is Defendant's Motion to Suppress Evidence [Doc.35][1]. An evidentiary hearing on this motion was held before me on June 7, 2011. All transcript references are to the transcript of that hearing. For the reasons discussed below, I recommend that Defendant's motion to suppress [Doc. 35] be DENIED.

---

[1] Defendant also filed a Motion to Allow Participation in Voir Dire [Doc. 30]. That motion is hereby DEFERRED to the district judge.

AO 72A
(Rev.8/82)

I.   **FACTS**

On July 19, 2010, at approximately 3:50 a.m., Deputy John Brandon Christian of the Douglas County Sheriff's Office observed Defendant traveling northbound in a Honda Accord on Thornton Road in Douglas County. (Tr. 5, 9, 26). Defendant failed to maintain his lane and almost hit a car that was in the far right lane as it passed him. (Tr. 9). Deputy Christian initiated a traffic stop, and Defendant pulled his car into a gas station parking lot. (Tr. 9). Defendant does not dispute that there was probable cause for the stop. (Tr. 5).

There were three passengers in addition to Defendant. (Tr. 9). Deputy Christian observed that Defendant's eyes were red and blurry, and he could smell the odor of alcohol from Defendant's breath. (Tr. 10). Defendant told Deputy Christian that he and his passengers were returning from a bar in Atlanta, and that he had consumed one beer approximately one hour prior to the traffic stop. (Tr. 9-10).

After Defendant exited his vehicle at the direction of Deputy Christian, Deputy Christian administered both a portable breath test and a field sobriety test. Both tests, and the Deputy's observations indicated that Defendant had been driving under the influence of alcohol. Deputy Christian arrested Defendant for driving under the influence of alcohol and failure to maintain his traffic lane. (Tr. 11, 13)

The Douglas County Sheriff's Office maintains a Policy & Procedure Manual that includes policies and procedures on Vehicle Impounds and Motor Vehicle Inventories. (Tr. 7, Gov. Exh. 1). Deputy Christian was familiar with these policies and procedures at the time of Defendant's traffic stop on July 19, 2010. (Tr. 17).

The Douglas County Sheriff's Office Vehicle Impound policy states, in relevant part:

> It shall be the policy of the Douglas County Sheriff's Office to impound vehicles for safe keeping under the following circumstances . . . 2. The person in charge of the vehicle is unable to provide for its removal; 3. The owner/driver is arrested and taken into custody.

The Douglas County Sheriff's Office Vehicle Impound procedure states, in relevant part:

> Owners/drivers shall be given an opportunity to have the vehicle removed by a competent person, if this can be accomplished in a timely manner.

(Gov. Ex. 1).

To determine whether Defendant's vehicle should be impounded following his arrest, Deputy Christian asked Defendant whether there was anyone in the car who had not been drinking. (Tr. 13). Defendant identified Mr. Stevens as a person who had not been drinking. (Tr. 13). Mr. Stevens had been acting in a hostile and argumentative

3

AO 72A
(Rev.8/82)

manner during the stop. (T. 23).  In order to confirm that Mr. Stevens was not impaired by alcohol consumption, Deputy Christian requested that Mr. Stephens blow into the portable breath tester.  Despite being asked three times to do so, Mr. Stephens refused take the portable breath test. (Tr. 13).

Deputy Stephens determined that the registered owner of the vehicle, a Ms. Terry, lived in Stockbridge, Georgia, about 45 minutes away from the location of the stop.  A tow truck was available to impound the vehicle within 15 or 20 minutes.

Given the lack of cooperation of Mr. Stevens, Defendant's failure to identify any other passenger as capable of driving the vehicle, and the absence of any other driver who could arrive within a reasonable period of time, Deputy Christian decided to impound the vehicle.

It is the policy of the Douglas County Sheriff's Office to perform a complete inventory of all vehicles that are impounded.  (Gov. Ex. 1).  In his subsequent inventory search of Defendant's vehicle, Deputy Christian discovered a loaded 9 mm pistol in the center console and a small bag of marijuana next to the driver's seat. (Tr. 17-19, Gov. Exh. 3). A wrecker service arrived to pick up the vehicle within ten minutes of the completion of Deputy Christian's inventory search. (Tr. 19-20). Defendant was subsequently transported to the Douglas County jail.  (Tr. 20)

## II.   DISCUSSION

Defendant argues that the loaded firearm found during the inventory search of the vehicle that he was driving on July 19, 2010 should be suppressed because the vehicle should not have been impounded.  He argues that Mr. Stevens was available to drive, and that the police failed to seek other alternatives to impounding the vehicle. (Doc. 44).

Inventory searches are a well-established exception to the warrant requirement. Colorado v. Bertine, 479 U.S. 367, 371 (1987).  Both the decision to impound a vehicle and the inventory search must be made pursuant to a standard procedure.  See South Dakota v. Opperman, 428 U.S. 364, 376 (1976).  A law enforcement officer may exercise discretion in deciding to impound a vehicle "so long as that discretion is exercised according to standard criteria and on the basis of something other than suspicion of evidence of criminal activity." Bertine, 479 U.S. at 375; Sammons v. Taylor, 967 F.2d 1533, 1543 (11th Cir. 1992).

Defendant argues that Deputy Christian violated Defendant's rights because "there was an available and capable driver at the scene that could have driven the car away safely, but he was denied such." (Doc. 44 at p. 2).

5

However, the evidence establishes that Deputy Christian acted in accordance with Douglas County Policy. He gave Defendant an opportunity to identify a competent person who could remove the vehicle in a timely manner. Given the evidence that the occupants of the vehicle had been drinking at a bar, and Mr. Stevens' argumentative behavior, Deputy Christian acted reasonably, and in accordance with Douglas County Policy, in seeking to determine if Mr. Stevens was competent to drive.

When Mr. Stevens, the only person identified by Defendant as a potential driver, declined to take a breath test, Deputy Christian acted reasonably and in accordance with County policy in declining to allow Mr. Stevens to drive the car and in calling for a tow truck to impound it. Also, in light of the hour, 3:50 a.m., and the location of the owner 45 minutes away, Deputy Christian acted reasonably in not offering other alternatives. See Bertine, 479 U.S. at 374 ("The reasonableness of any particular governmental activity does not necessarily or invariably turn on the existence of alternative less intrusive means.")(internal quotation marks omitted)(quoting Illinois v. Lafayette, 462 U.S. 640, 647 (1983)); Sammons v. Taylor, 967 F.2d 1533, 1542 (11th Cir. 1992)(federal agents are not constitutionally required to permit defendant to make an alternative disposition of his vehicle before impounding it).

AO 72A
(Rev.8/82)

### III. CONCLUSION

In sum, I **RECOMMEND** that Defendant's Motion to Suppress Evidence [Doc. 35] be **DENIED**.

Defendant's Motion to Participate in Voir Dire [Doc. 30] is hereby **DEFERRED** to the District Judge.

Co-defendant McCaslin has already entered a guilty plea.

There are no pending matters before me, and I am aware of no problems relating to the scheduling of this case for trial. It is therefore **ORDERED AND ADJUDGED** that this action be declared **READY FOR TRIAL**.

It is so **ORDERED** and **RECOMMENDED**, this  7th  day of July, 2010.

*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE